UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAKIMEY BALLARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:20-CV-2479 |
| | ) |
| ASCENSION HEALTH MINISTRY SERVICE | ) |
| CENTER, LLC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, LaKimey Ballard ("Ballard"), by counsel, bring this action against Defendant, Ascension Health Ministry Service Center, LLC ("Defendant"), and shows as follows:

**OVERVIEW**

Ballard bring this action under Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), 42 U.S.C. §2000e, et. seq., as amended, and The Civil Rights Act of 1866 ("Section 1981"). Ballard contends that she was subjected to different terms and conditions of her employment because of her race, African-American, and was retaliated against for engaging in protected activity in violation of Title VII and Section 1981.

**PARTIES**

1. Ballard resided in the Southern District of Indiana. She was employed by Defendant and was, at all times relevant to this matter, an employee as defined by 42 U.S.C. §2000e(f).

2. At all relevant times Defendant was continuously doing business in the state of Indiana in Marion County and is an employer as defined by 42 U.S.C. §2000e(b).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Defendant pursuant to 28 U.S.C. §1331 and 42 U.S.C. §2000e-5(f)(3).

4. Plaintiff satisfied her obligation to exhaust her administrative remedies by timely filing a charge with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"), receiving the appropriate *Dismissal and Notice of Suit Rights*, and timely filing this Complaint within ninety (90) days thereof.

5. As all events pertinent to this lawsuit occurred within the Southern District of Indiana, venue in this Court is proper.

## FACTS

6. Defendant hired Ballard in or about April 2014. She was a Purchasing Card Administrator ("PCA"). Plaintiff's position later became a remote position.

7. Plaintiff was paid nearly $20 per hour and worked between 50-60 hours per week – on average – at the time of her termination on March 14, 2019.

8. In March 2018, Plaintiff began reporting to a new (Caucasian) manager.

9. The manager held Plaintiff's work to a higher level of scrutiny than he did Plaintiff's Caucasian counterparts. Moreover, Plaintiff, and the other African American employed as a PCA were written up for approving transactions that everyone approved. Moreover, Plaintiff was told she could no longer work remotely. In the fall of 2018, this racial targeting resulted in Plaintiff receiving the worst performance review of her tenure.

10. Due to the scrutiny, Plaintiff complained that she was being treated differently because of her race. Management attempted to resolve Plaintiff's complaints but were unsuccessful.

11. Plaintiff submitted a vacation request in March 2019. Her manager elected to grant vacation to one or more Caucasian employees, but gave Plaintiff a no-call, no-show and terminated her.

12. The manager terminated another African American female and replaced her with a Caucasian. The manager also required another African American to return to the office rather than work remotely.

13. After her termination, the manager retorted that, "[H]e got rid of another one." When confronted by an African American employee, the manage refused to explain what he meant.

14. Ballard has been harmed by Defendant's unlawful conduct.

## LEGAL CLAIMS

## COUNT I:  RACE DISCRIMINATION

15. Ballard hereby incorporates by reference paragraphs one (1) through fourteen (14) of this Complaint.

16. Ballard was treated differently in the terms and conditions of her employment than non-African-American employees.

17. Upon information and belief Defendant acted with intent, malice, and/or reckless disregard as to rights afforded to Ballard under Title VII and Section 1981.

18. Ballard suffered harm as a result of Defendant's unlawful conduct.

## COUNT II: RETALIATION

19. Ballard hereby incorporates by reference paragraphs one (1) through eighteen (18) of this Complaint.

20. Ballard complained about what she reasonably believed was disparate treatment based on race.

21. Defendant retaliated against Ballard by firing her shortly after she last engaged in activity protected by Title VII and Section 1981.

22. Upon information and belief Defendant acted with intent, malice, and/or reckless disregard as to rights afforded to Ballard under Title VII and Section 1981.

23. Ballard suffered harm as a result of Defendant's unlawful conduct.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, LaKimey Ballard, respectfully requests the following:

a) An Order finding Defendant liable for back wages in an amount to make Plaintiff whole;

b) An Order finding Defendant liable for compensatory damages in an amount to make Plaintiff whole;

c) An Order awarding Plaintiff punitive damages as a penalty for Defendant's intentional, unlawful conduct;

d) An Order awarding Plaintiff the costs of this action;

e) An Order awarding Plaintiff her attorneys' fees;

f) An Order awarding Plaintiff pre- and post-judgment interest at the highest rates allowed by law; and

g) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Christopher S. Wolcott
Christopher S. Wolcott (#23259-32)
The Wolcott Law Firm LLC

        450 East 96th Street, Suite 500
        Indianapolis, Indiana 46240
        Telephone:   (317) 500-0700
        Facsimile:   (317) 732-1196
        E-Mail:  indy2buck@hotmail.com

        Attorney for Plaintiff

## **JURY TRIAL DEMAND**

Plaintiff demands a trial by jury on all issues deemed triable.

        Respectfully submitted,

        s/ Christopher S. Wolcott
        Christopher S. Wolcott (#23259-32)
        The Wolcott Law Firm LLC
        450 East 96th Street, Suite 500
        Indianapolis, Indiana 46240
        Telephone:   (317) 500-0700
        Facsimile:   (317) 732-1196
        E-Mail:  indy2buck@hotmail.com

        Attorney for Plaintiff